IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DDJ CAPITAL MANAGEMENT, LLC, on its own behalf and as AGENT FOR THE TERM B LENDERS,<br><br>Plaintiff,<br><br>v.<br><br>J. WILLIAM UHRIG, STEVEN LANGMAN, ROBERT CHAMBERS and LARRY PAVEY,<br><br>Defendants. | Case No. _____ |

## COMPLAINT

DDJ Capital Management, LLC ("DDJ" or "Plaintiff"), on its own behalf and as agent for the Term B Lenders (as defined herein), by and through its undersigned counsel, as and for its complaint against J. William Uhrig, Steven Langman, Robert Chambers and Larry Pavey, (collectively, "Defendants"), respectfully alleges as follows:

### NATURE OF ACTION

1. This is an action for breach of fiduciary duty against certain directors and a former officer of American Remanufacturers, Inc. ("ARI").

2. Upon information and belief, Defendants breached their fiduciary duty owed to certain lenders (the "Term B Lenders") that provided approximately $40 million of financing to ARI pursuant to the Credit Agreement (Second Lien) (the "Second Lien Credit Agreement") dated March 22, 2005 by, among other things, providing the Term B Lenders with information relating to ARI that they knew, or should have known, was materially false and misleading.

3. Upon information and belief, ARI was insolvent or approaching insolvency at the time Defendants provided such false and misleading information.

4. As a result of Defendants' provision of false and misleading information, the Term B Lenders entered into the Second Lien Credit Agreement.

5. ARI has since defaulted on the Second Lien Credit Agreement and is currently in bankruptcy proceedings before the United States Bankruptcy Court for the District of Delaware pursuant to chapter 7 of title 11 of the United States Code.

## THE PARTIES

6. DDJ, the Plaintiff herein, is a limited liability company organized under the laws of the state of Massachusetts. DDJ is the agent of the Term B Lenders.

7. Upon information and belief, Defendant J. William Uhrig ("Uhrig") is a resident of New York, New York. Upon information and belief, Uhrig was a director of ARI at all relevant times.

8. Upon information and belief, Defendant Steven Langman ("Langman") is a resident of New York, New York. Upon information and belief, Langman was a director of ARI at all relevant times.

9. Upon information and belief, Defendant Robert Chambers ("Chambers") is a resident of New York, New York. Upon information and belief, Chambers was a director of ARI at all relevant times.

10. Upon information and belief, Larry Pavey ("Pavey") is a resident of Crystal Lake, Illinois. Upon information and belief, Pavey was the Chief Executive Officer of ARI at all relevant times.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter under 28 U.S.C. §§1332, as the matter in controversy exceeds $75,000 and is between citizens of different states.

12. This Court has personal jurisdiction over Defendants pursuant to Section 3114 of the Delaware Civil Practice Law and Rules because Defendants are directors and officers of a corporation organized and existing under the laws of Delaware.

13. Venue is proper because ARI is resident in this District.

## FACTUAL BACKGROUND

14. On November 7, 2005, ARI and its direct and indirect subsidiaries (collectively, the "Debtors") filed a voluntary petition for relief in the United Stated Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code.

15. On November 17, 2005 the Bankruptcy Court converted the chapter 11 case to a chapter 7 liquidation.

16. At all relevant times, Defendants Uhrig, Langman and Chambers were directors of ARI.

17. At all relevant times, Defendant Pavey was the Chief Executive Officer of ARI.

18. In or about July or August of 2004, DDJ was approached about participating in a recapitalization of ARI's debt.

19. Over the course of the next 6 months, DDJ, on its own behalf and on behalf of the Term B Lenders, negotiated with, among others, the Defendants, over the terms of the Term B Lenders' involvement in ARI's recapitalization.

20. Pursuant to these negotiations, Defendants provided the Term B Lenders with financial information relating to the Debtors. Defendants represented, among other things, that for the fiscal year ending December 31, 2004 ARI's EBITDA was materially positive in the amount of $20 million or more.

21. Upon information and belief, the information provided to the Term B Lenders by Defendants during these negotiations materially misrepresented the Debtors' financial condition.

22. Upon information and belief, Defendants knew or should have known that the information provided to the Term B Lenders was materially false and misleading.

23. On March 22, 2005, the Term B Lenders entered into the Second Lien Credit Agreement, whereby the Term B Lenders provided approximately $40 million of financing to the Debtors.

24. Upon information and belief, following the execution of the Second Lien Credit Agreement, Defendants continued to provide the Term B Lenders with information that materially misrepresented the Debtors' financial condition.

25. Upon information and belief, Defendants knew or should have known that the information provided to the Term B Lenders was materially false and misleading.

26. Following the execution of the Second Lien Credit Agreement, Defendants caused the Debtors to enter into contracts for the sale of the Debtors' products at prices which decreased the Debtors' working capital and cash flow and detrimentally impacted the Debtors' financial condition.

27. Defendants also failed to properly manage the Debtors' inventory, which led to an unwarranted increase in the Debtors' expenses.

28. In or about June 2005, Defendants informed the Term B Lenders of the Debtors' true financial condition. Information provided to the Term B Lenders by Defendants at this time reflected that ARI's total reported and adjusted EBITDA for the year to date was zero or negative – a material difference from the EBITDA numbers that had been reported to the Term B Lenders a mere three months earlier.

29. Defendants further informed the Term B Lenders that the Debtors could not meet their obligations under the Second Lien Credit Agreement.

30. In or about June 2005, Pavey was terminated as CEO of ARI.

## COUNT I
### (Breach of Fiduciary Duty Under Delaware Law)

31. DDJ repeats, realleges and incorporates each and every allegation contained in paragraphs 1 through 30 of this Complaint with the same force and effect as though fully set forth herein.

32. Upon information and belief, the Debtors were insolvent or approaching insolvency when the Second Lien Credit Agreement was negotiated and executed.

33. By virtue of Defendants' positions as directors and officers of the Debtors, as the Debtors were approaching the vicinity of insolvency, Defendants owed fiduciary duties to the Debtors' creditors, including the Term B Lenders.

34. As fiduciaries, Defendants were obligated to act at all times in a manner consistent with the highest degree of good faith and due care.

35. Upon information and belief, Defendants breached their fiduciary duties owed to the Term B Lenders by negligently providing the Term B Lenders with information that Defendants knew or should have known was materially false and misleading.

36. Defendants further breached their fiduciary duty owed to the Term B Lenders by (i) improperly regulating the Debtors' inventory and (ii) allowing the Debtors to enter into contracts for the sale of their products at prices that had an immediate and disastrous effect on the Debtors' working capital, cash flow and financial condition.

37. The Term B Lenders have been harmed as a result of Defendants' breach, as the Debtors have been unable to meet their obligations under the terms of the Second Lien Credit Agreement.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for a judgment:

(1)   awarding Plaintiff judgment in an amount to be determined at trial;

(2)   awarding Plaintiff its attorneys' fees, costs and other expenses incurred in this action; and

(3)   granting Plaintiff such other and further relief as the Court deems appropriate.

Dated:   Wilmington, Delaware
         December 16, 2005

**KLETT ROONEY LIEBER & SCHORLING**

By: _____
Teresa K. D. Currier (ID # 3080)
Mary F. Caloway    (ID # 3059)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
302-552-4200

– and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer
Abid Qureshi
Deborah J. Newman
590 Madison Avenue
New York, New York  10022
(212) 872-1000

*Attorneys for DDJ Capital Management, LLC, on its own behalf and as Agent for the Term B Lenders*